ALESENE MOSE, Appellant

v.

TUFELE LI'A, Appellee

High Court of American Samoa
Appellate Division

AP No. 21-88

August 1, 1989

Before REES, Associate Justice, CANBY,* Acting Associate Justice, THOMPSON,** Acting Associate Justice, OLO, Associate Judge, and VAIVAO, Associate Judge.

Counsel: For Appellant, Togiola T.A. Tulafono
For Appellee, Roy J.D. Hall, Jr.

---

* Honorable William C. Canby, Jr., Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

** Honorable David R. Thompson, Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

Per Rees, J.:

This is an appeal from the trial court's decision allowing appellee Tufele, as trustee for the people of Manu'a, to evict the appellant from one of several buildings she occupies on a tract of land in the village of Atu'u belonging to the trust. The facts are more fully stated in the opinion of the trial court, *Tufele v. Mose,* 7 A.S.R.2d 157 (1988).

The principal issue on appeal concerned the trial court's interpretation of language in the deed of conveyance, executed in 1911, by which Mauga Moimoi conveyed the land to Tufele and "his successors or assignees" in trust for the use and benefit of the people of Manu'a. The trial court held that by the term "successors or assignees" grantor Mauga Moimoi intended that the trusteeship should automatically devolve upon each successive holder of the Tufele title.

The trial court considered and rejected an alternative interpretation according to which the trusteeship would be "restricted only to those qualified to take in the late Tufele's personal estate." 7 A.S.R.2d at 163. As the trial court correctly observed, in the context of Samoa in 1911 it would have been "inconceivable . . . that [the grantees' possessory rights to Atu'u under the document could be subject to the control of an untitled heir of the late Tufele." *Id.*

The trial court did not, however, consider a far more plausible alternative interpretation of the trust document: that the trusteeship was intended to devolve on the late Tufele's "successors" in his office of District Governor. The record reflects that the Atu'u tract has at various times been administered by Manu'a District Governors who did not hold the Tufele title. We cannot tell from the record whether the trial court failed to address this alternative interpretation because counsel for defendant/appellant Mose did not advance it strongly enough, because the court did not think it worth addressing, or for some other reason. If this question were dispositive of the present case it might be appropriate to remand to the trial court for a finding thereon.

We take judicial notice, however, that appellee Tufele Li'a has recently assumed the office of Manu'a District Governor. The question whether the trusteeship devolves on the District Governors of Manu'a or the holders of the Tufele title is therefore moot in the context of the present case. Tufele Li'a is the present trustee, either in his capacity as District Governor or in his capacity as Tufele. For the reasons stated by

32

the trial court, the proposed reallocation of the trust resources of which appellant now complains is within the powers of the trustee.

Accordingly, without deciding whether the trusteeship attaches to the office of District Governor or to the title Tufele, we affirm the judgment of the trial court.